CHARLES HALLIGAN ADAIR
Attorney at Law
1140 Union Street, Ste. 201
San Diego, CA 92101
Telephone: (619) 233-3161
Fax: (619) 233-3127
State Bar # 52163

Attorney for: Defendant

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO: 08CR0908-W |
| Plaintiff, | ) NOTICE OF MOTION AND ) MOTION FOR DISCOVERY |
| vs. | ) |
| EMMANUEL HERNANDEZ-GAYOSSO, | ) Date: 6/2/08 ) Time: 2:00 PM |
| Defendant | ) |

### NOTICE OF MOTION

TO: CAROL C. LAM, UNITED STATES ATTORNEY, AND W. MARK CONOVER, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that on the date and at the time and place indicated above, or as soon thereafter as counsel may be heard, defendant, by and through his attorney, CHARLES H. ADAIR, will present the following:

### MOTION FOR DISCOVERY

Comes now, defendant, through his attorney, who moves for an order requiring the government to comply with the following discovery requests in the attached Points and Authorities in Support of Motion for Discovery.

1  This motion is based upon the instant Notice of Motion and Motion, the attached Points and
2  Authorities, the files and records in the above-entitled case, and any other materials which may
3  be brought to this Court's attention prior to or at the time of the hearing on this motion.

5  Date: 5/14/08

S/CHARLES H. ADAIR<br>
CHARLES H. ADAIR,<br>
Attorney for Defendant

CHARLES H. ADAIR
Attorney
1140 Union Street, Ste.
San Diego, CA 92101
(619)233-3161
State Bar# 52163

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EMMANUEL HERNANDEZ-GAYOSSO,<br><br>    Defendant | CASE NO: 08CR0908-W<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY<br><br>DATE: 6/2/08<br>TIME: 2:00 PM |

1

POINTS AND AUTHORITIES

Mr. HERNANDEZ-GAYOSSO, defendant in the above-entitled case, hereby moves for an order requiring the government to comply with the following discovery requests:

(1) <u>Statements.</u> All written and oral statements made by defendant. This request includes, but is not limited to, any rough notes, records, transcripts or other documents and tapes in which statements of defendant are contained. The substance of statements the government intends to introduce are discoverable under Fed. R.Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>.

(2) <u>Documents, statements, reports, tangible evidence.</u> Production of all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or which affects the credibility of the government's case. This evidence must be produced pursuant to <u>Brady v. Maryland</u> and <u>United States v. Agurs</u>, 96 S.Ct. 2392 (1976).

(3) <u>Prior record/other act evidence.</u> All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior record is available under Fed. R. Crim.P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. This request also includes defendant's "rap" sheet and/or NCIC computer check on defendant.

(4) <u>Seized evidence.</u> All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Agent's reports, notes, memos.</u> All arrest reports, investigator's notes memos from arresting officers, sworn statements, and prosecution reports pertaining to defendant. These reports are available under Fed. R. Crim. P. 16(a)(1)(B) and (C): and Fed. R. Crim. P. 26.2 and 12(I). This request includes affidavits in support of search warrants and the lists of items seized in the execution of any search warrant. In addition, any witness interview notes that could be considered to be statements attributable to the witness are requested. See <u>Goldberg v. United States</u>, 96 S.Ct. 1338 (1976).

(6) <u>Other documents/tangible objects.</u> All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to defendant defense or intended for use in the government's case-in-chief or were obtained from or belong to defendant. Specifically requested also are all documents, items and other information seized pursuan to any search. This is available under Brady and Fed. R. Crim. P. 16(a)(1)(C).

(7) <u>Bias of government witnesses.</u> Any evidence that any prospective government witness is biased or prejudiced against defendant or has a motive to falsify or distort his/her testimony. See <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987): <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(8) <u>Prior record/other acts of government witnesses.</u>  Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See F.R.E. Rule 608(b) and <u>Brady</u>.

(9) <u>Investigation of witnesses.</u>  Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), 474 U.S. 945 (1985).

(10) <u>Evidence regarding ability to testify.</u>  Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired: and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1179 (9th Cir.1988); <u>Chavis v. North Carolina</u>, 637 F. 2d 213, 224 (4th Cir. 1980); <u>United States v. Butler</u>, 567 F.2d 885 (9th Cir. 1978).

(11) <u>Personnel files.</u>  It is requested that the government review each agent's personnel file for review for information requested in paragraphs (7)-(10) above and determine whether there is any impeaching information contained in the files. See <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

(12) <u>Government Witnesses.</u>  The name and last known address of each prospective government witness. See <u>United States v. Neap</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(13) <u>Other witnesses.</u>  The name and last known address of every witness to the alleged offenses (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1469 (9th Cir. 1984).

(14) <u>Favorable testimony.</u>  The name of any witness who made an arguably favorable statement concerning defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v.</u>

North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978) Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975).

(15) <u>Specific inquiries of agents.</u>   It is requested that the government make specific inquire of each government agent connected to the case for the information requested in Paragraph s 12-14. United States v. Jackson, 780 F.2d 1305 (6th Cir. 1986); United States v. Butler, 567 F.2d 885,889 (9th Cir. 1978)

(16)   <u>Rule 26.2 Material/Timing of production</u>   It is requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficiently in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross examination.

(17)   <u>Experts/resumes.</u>   The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

(18)   <u>Expert's reports and summaries.</u>   Production of any and all reports of any examinations or tests, is requested pursuant to Rule 16(a)(1)(D). In additions, it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702,703 or 705. As required by Rule 16(a)(1)(E), the summaries must describe the witnesses' opinions, the bases and the reasons therefore and the witnesses' qualifications. See Fed. R. Crim. P. 16(a)(1)(E) (added December 1, 1993).

(19)   <u>Confidential Informant(s) and related information.</u>   It is requested that the government reveal the identify of any and all confidential informants who were percipient witnesses to the charges in this case and information regarding any promises made to the CI and the information provided by the CI.

(20)   <u>Promises made or "deals" with government witnesses.</u>   Under <u>Giglio v. United States,</u> 405 U.S. 150 (1972), the government must provide all promises of consideration given to witnesses. See also <u>United States v. Shaffer,</u> 789 F.2d 682 (9th Cir. 1986).

-4-

(21) <u>Minutes of Grand Jury Proceedings.</u> Productions of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on this indictment. <u>See</u> Rule 6(b)-(d).

(22) <u>Grand Jury Transcripts.</u> All grand jury transcripts are requested in accordance with Rule 6.

(23) <u>Statement by Government of Refusal to Provide.</u> If the government has any of the above-requested items or the items required by the rules, law, or court order, but refuses to provide them to the defense, Defendant requests a statement as to the existence of the items and the refusal to provide them.

Dated: 5/14/08                                         Respectfully submitted,


                                                       S/CHARLES H. ADAIR

                                                       CHARLES H. ADAIR,
                                                       Attorney for Defendant

CHARLES HALLIGAN ADAIR
Attorney at Law
1140 Union Street, Ste. 201
San Diego, CA 92101
Telephone: (619) 233-3161
Fax: (619) 233-3127
State Bar No: 52163

Attorney for: Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EMMANUEL HERNANDEZ-GAYOSSO,<br><br>　　　　Defendant | CASE NO: 08CR0908-W<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, CHARLES H. ADAIR, a citizen of the United States over the age of 18 years and a resident of San Diego County, California, whose business address is 1140 Union Street, # 201, San Diego California, 92101; and is not a party to the above-entitled action and subsequent to electronically filing with the Clerk of the Court, I personally served a copy of :

NOTICE OF MOTION, MOTION FOR DISCOVERY & P's & A's IN SUPPORT OF MOTION FOR DISCOVERY

TO: W. MARK CONOVER, AUSA
　　　UNITED STATES ATTORNEY'S OFFICE
　　　880 FRONT STREET. ROOM 6293
　　　SAN DIEGO, CA 92101

BY: electronically filing

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14th, 2008

S/CHARLES H. ADAIR<br>CHARLES H. ADAIR